IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LISA T. PERRY,

    Plaintiff,

v.                      CIVIL ACTION NO. 2:15cv204

ISLE OF WIGHT COUNTY and
DELORES DARDEN,

    Defendants.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Defendant Darden's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"). Having carefully considered the parties' pleadings, this matter is now ripe for disposition. For the reasons set out below, Defendant Darden's Motion to Dismiss is **GRANTED**.

### I. FACTS & PROCEDURAL HISTORY

On or about May 2, 2014, Plaintiff, former Economic Development Director for Isle of Wight County, suffered an injury causing her to miss a significant amount of work. Compl. ¶ 10-11. As a result, Plaintiff was granted medical leave through the Federal Medical Leave Act and Isle of Wight policy. *Id.* at ¶ 11. Defendants terminated Plaintiff before she returned to work. *Id.* Subsequent to Plaintiff's termination, Defendant Darden made the following statements to The Tidewater News:

1

>   a) [T]hat Perry was due back to work last Friday, but she didn't show up or let anyone know why.
>   b) Part of the leave agreement was that not returning to work as agreed meant that the job would not be held for her.
>   c) She did an adequate job.

Compl. ¶ 14.

On May 4, 2015, Lisa Perry ("Plaintiff") filed the instant Complaint against Defendants Isle of Wight County and Delores Darden (collectively, "Defendants") in the Circuit Court for the County of Isle of Wight, Virginia seeking damages under the Family Medical Leave Act ("FMLA") (29 U.S.C. § 2601) and Virginia common law for defamation and defamation per se. Defendants removed this action to United States District Court for the Eastern District of Virginia.

Counts One and Two of the Complaint assert that Defendants violated Plaintiff's rights under the FMLA by terminating her employment in retaliation for exercising her right to medical leave and failing to reinstate her upon completion of her term of leave. Compl. ¶ 18-27. Plaintiff alleges that Defendants' actions resulted in significant pecuniary losses. Id. at ¶ 26.

In Counts Three and Four, Plaintiff alleges that Defendant Darden made false and defamatory statements that injured Plaintiff in her profession. Compl. ¶ 28-38. Plaintiff contends that these statements were made in bad faith and with actual malice. Id. at ¶ 32. Plaintiff seeks $1,000,000 in pecuniary damages and $1,500,000 in non-pecuniary damages. Id. at ¶ 33.

On May 13, 2015, Defendant Darden ("Defendant") filed a Motion to Dismiss Counts Three and Four of the Complaint alleging that Plaintiff failed to state a claim upon which relief can be granted. Defendant posits that Plaintiff failed to show two out

of the three elements necessary to state a claim for defamation. Plaintiff responded with a Memorandum in Opposition on June 3, 2015. Defendant filed her rebuttal brief on June 8, 2015.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. For purposes of a Rule 12(b)(6) motion, courts may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). Courts will favorably construe the allegations of the complaint and assume that the facts alleged therein are true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court "need not accept the legal conclusions drawn from the facts," nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc., v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). A complaint need not contain "detailed factual allegations" in order to survive a motion to dismiss, but the complaint must incorporate "enough facts to state a belief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). This plausibility standard does not equate to a probability requirement, but it entails more than a mere possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).

## III. DISCUSSION

In order to maintain an action for defamation in Virginia, the Plaintiff must show that the Defendant (1) published (2) an actionable statement (3) with the requisite intent. *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1092 (4th Cir. 1993). Neither party contests that the statements at issue were published in The Tidewater News.

3

*A. Actionable Statement*

The Complaint does not provide a sufficient factual basis for this Court to conclude that the Defendant's statements were false or defamatory. To be actionable, a statement must be false and defamatory. *Chapin v. Knight-Ridder, Inc.*, 993 F.2d at 1092. A defamatory statement "tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Id.* (Citing Restatement (Second) of Torts § 559 (1977)). Even after construing all allegations in favor of the Plaintiff, the facts in the Complaint do not support the assertion that Defendant's first two statements are false. *See* Compl. ¶ 14. The Plaintiff only alleges the falsity of Defendant's statements in "vague, conclusory terms" by merely stating that the statements are false. *Chapin v. Knight-Ridder, Inc.*, 993 F.2d at 1092.

Defendant's final statement that Plaintiff "did an adequate job" is an opinion and therefore cannot be false. *Id.* at 1093 (Court found that "'hefty' is too subjective of a word to be proved false" when Plaintiff alleged defamation in part for Defendant publishing an article that accused Plaintiff's charity of "providing hefty mark-ups on goods" the charity ships to soldiers stationed overseas); *See* Compl. ¶ 14. The question of whether the statements are defamatory is not relevant because the Plaintiff did not sufficiently plead the falsity of Defendant's statements. Statements must be false *and* defamatory in order to meet the actionable standard required for a defamation claim. Defendant's statements regarding Plaintiff's failure to show up to work and job performance do not rise to this level. *Chapin v. Knight-Ridder, Inc.*, 993 F.2d at 1092.

*B. Requisite Intent*

The standard for intent differs depending on whether the Plaintiff is a public figure or a private citizen. *See generally Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974). In order to

determine which standard applies, the Court must first determine whether the Plaintiff is a public figure or a private citizen. *Id.* A public figure is someone who "...achieves...fame or notoriety..." or "injects himself or is drawn into a particular public controversy and thereby becomes a public figure for a limited range of issues." *Id* at 351.

In *New York Times v. Sullivan*, the Court found that Respondent was a public figure. *See* 376 U.S. 254 (1964). The Respondent in this case was one of three elected commissioners for the city of Montgomery, Alabama. *Id.* at 256. Respondent's duties included overseeing Montgomery Police and Fire Departments. *Id.* In this role, Respondent was the public representative for large government departments. *Id.* at 253. Unlike the Respondent in *New York Times*, the Plaintiff was a hired city employee and the facts presented do not indicate that her role as Isle of Wight's Economic Development Director elevated the Plaintiff to the same level of notoriety and importance. *Id.*; *See* Compl. ¶ 8.

This Court must follow the Virginia standard for determining whether alleged defamatory statements about a private citizen were made with the requisite intent. *Gazette, Inc. v. Harris*, 325 S.E.2d 713, 724 (Va. 1985). In order to satisfy this standard the Plaintiff must show (1) that the statements were false and (2) the Defendant knew she was making false statements or "acted negligently in failing to ascertain the facts on which the [statements were] based." *Id.* at 725. The Complaint alleges that the Defendant's statements are false but contains no facts in support of this allegation. Since the Complaint does not contain any facts that speak to the falsity of the statements, the Plaintiff has failed to show that the statements were made with the requisite intent to successfully plead a defamation claim.

Having found that the Plaintiff does not allege sufficient facts to suggest that the Defendant's statements are false, the Court further finds that Plaintiff has not stated a claim for

which relief can be granted for defamation or defamation per se under Virginia common law. Consequently, Defendant Darden's Motion to Dismiss for failure to state a claim is **GRANTED**.

## IV. CONCLUSION

For the reasons stated above, the Defendant Darden's Motion to Dismiss for failure to state a claim is **GRANTED**. Plaintiff is granted leave to amend the Complaint within fifteen (15) days of the date of this Order.

The Clerk is **DIRECTED** to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
October /3, 2015.

Raymond A. Jackson
United States District Judge