IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



LISA T. PERRY,

        Plaintiff,

v.                                          CIVIL ACTION NO. 2:15cv204

ISLE OF WIGHT COUNTY
and DELORES DARDEN,

        Defendants.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Defendant Delores Darden's ("Defendant Darden") Motion to Dismiss Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"). Having carefully considered the Parties' pleadings, this matter is now ripe for judicial determination. For the reasons set out below, Defendant Darden's Motion to Dismiss is **GRANTED.**

**I. FACTS & PROCEDURAL HISTORY**

On or about May 2, 2014, Lisa Perry ("Plaintiff"), former Economic Development Director for Isle of Wight County, suffered an injury causing her to miss a significant amount of work. Am. Compl. ¶¶ 10-11, ECF No. 16. As a result, Plaintiff was granted medical leave through the Federal Medical Leave Act ("FMLA" 29 U.S.C. § 2601) and Isle of Wight's policy. *Id.* at ¶ 11. On August 4, 2014, Plaintiff returned to work and was informed that she was terminated as of August 1, 2014 for failing to return to work on the designated date. *Id.* at ¶¶ 11, 23. Subsequent to the termination, Defendant Darden made the following statements to *The Tidewater News*:

a) "Perry was due back to work last Friday, but she didn't show up or let anyone know why."

b) "Part of the leave agreement was that not returning to work as agreed mean that the job would not be held for her."

*Id.* at ¶ 26.

Plaintiff filed her Complaint against Defendants Isle of Wight County and Delores Darden (collectively "Defendants") in the Circuit Court for the County of Isle of Wight, Virginia seeking damages under the FMLA and Virginia common law for defamation and defamation per se. Ex. 1, ECF No. 1. On May 12, 2015, Defendants removed this action to United States District Court for the Eastern District of Virginia. Notice of Removal, ECF No. 1.

On May 13, 2015, Defendant Darden filed a Motion to Dismiss Counts Three and Four of the Complaint pursuant to Rule 12(b)(6) asserting that Plaintiff failed to state a claim upon which relief can be granted. ECF No. 6. On October 13, 2015, the Court granted Defendant Darden's Motion to Dismiss but granted Plaintiff leave to amend her Complaint. ECF No. 15.

On October 28, 2015, Plaintiff filed her Amended Complaint. ECF No. 16. On November 11, 2015, Defendant Darden filed the instant Motion to Dismiss Amended Complaint again requesting dismissal of Counts Three and Four pursuant to Rule 12(b)(6). ECF No. 18. On November 23, 2015, Plaintiff filed her Opposition. ECF No. 21.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. For purposes of a Rule 12(b)(6) motion, courts may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference. *Simons v. Montgomery Cty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). Courts will favorably construe the allegations of the complaint and assume that the

2

facts alleged therein are true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court "need not accept the legal conclusions drawn from the facts nor accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc., v. J. D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). A complaint need not contain "detailed factual allegations" in order to survive a motion to dismiss, but the complaint must incorporate "enough facts to state a belief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). This plausibility standard does not equate to a probability requirement, but it entails more than a mere possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).

## III. DISCUSSION

In order to maintain an action for defamation under Virginia law, the plaintiff must show that the defendant (1) published (2) an actionable statement (3) with the requisite intent. *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1092 (4th Cir. 1993) (*citing Gazette, Inc. v. Harris*, 229 Va. 1, *cert. denied*, 472 U.S. 1032 (1985)). Neither party contests that the statements at issue were published in *The Tidewater News*. In Counts Three and Four, Plaintiff alleges that Defendant Darden made false and defamatory statements that injured Plaintiff in her profession. Am. Compl. ¶¶ 44, 50. Plaintiff argues that these statements were made in bad faith and with actual malice. *Id.* at ¶ 46. In her Motion to Dismiss Amended Complaint, Defendant Darden asserts that these statements were neither false nor defamatory, and Plaintiff fails to sufficiently plead these claims. ECF No. 19.

### A. Actionable Statement

The Complaint does not provide a sufficient factual basis for this Court to conclude that Defendant Darden's statements are actionable. To be actionable, a statement must be false and defamatory. *Chapin*, 993 F.2d at 1092. The plaintiff has the burden of proving that

3

a statement is false, and there can be no claim for defamation if a statement is true or substantially accurate. *Jordan v. Kollman*, 269 Va. 569, 576 (2005) (citations omitted). A defamatory statement "tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Id.* (*citing* Restatement (Second) of Torts § 559 (1977)). Where the alleged defamation arises from substantially true facts, the plaintiff may not rely on minor or irrelevant inaccuracies for a defamation claim. *Id.* (*citing Saleeby v. Free Press, Inc.*, 197 Va. 761, 763 (1956)).

Even construing the allegations in the Amended Complaint in favor of the Plaintiff, the facts do not support the assertion that the two statements in question were false or defamatory. Plaintiff alleges that the July 31, 2014 end date, as written on the leave application, was contingent upon doctor's approval. Pl.'s Opp'n to Mot. to Dismiss 3, ECF 21. Therefore, she asserts that the beginning of Defendant Darden's first statement, "Perry was due back to work last Friday," was false since the doctor extended her leave to August 4, 2014. *Id.* at 5-6. However, Plaintiff does not refute the truthfulness of the end of Defendant Darden's first statement that Plaintiff "didn't show up or let anyone know." Plaintiff claims that Defendant Darden's second statement, "[P]art of the leave agreement was that not returning to work as agreed meant that the job would not be held for her," was completely false because no leave agreement existed. *Id.* at 6-7.

Under Virginia law, "[s]light inaccuracies of expression are immaterial provided the defamatory charge is true in substance, and it is sufficient to show that the imputation is 'substantially' true." *Jordan*, 269 Va. at 576 (*citing Saleeby v. Free Press, Inc.*, 197 Va. 761, 763 (1956)). Plaintiff concedes that her application for leave provided at least a prospective end date of July 31, 2014. Am. Compl. ¶ 14 ("Ms. Perry applied for FMLA leave commencing June 27, 2014, to end on July 31, 2014 'with doctor's approval.'"). Instead,

4

Plaintiff argues that she interpreted the leave agreement to indicate that since doctor's approval was required for her return to work, she assumed the doctor's orders for her not to return to work until August 4, 2014 would be communicated. Am. Compl. ¶ 19; Opp'n to Mot. to Dismiss 6.

Plaintiff was granted leave to amend her Complaint in response to Defendant Darden's first Motion to Dismiss. However, even viewing the alleged facts in Plaintiff's favor, Plaintiff's Amended Complaint again fails to allege any facts to indicate that Defendant Darden's statements were false. Plaintiff concedes that her leave was scheduled to end on July 31, 2014, and she did not contact her employer indicating she would not be back at work that day. Am. Compl. ¶ 14. Therefore, the "substance" of Defendant Darden's statements, that Plaintiff did not show up on the end date indicated on her leave request without any communication with her employer, is not false.

Although Plaintiff argues a discrepancy in her interpretation of the leave agreement and procedures for returning to work from FMLA leave, Defendant Darden's statements are not actionable. Statements must be false and defamatory in order to meet the actionable standard required for a defamation claim. *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1092 (4th Cir. 1993). The question of whether a statement is capable of having a defamatory meaning is a matter of law determined by the court. *Yeagle v. Collegiate Times*, 497 S.E.2d 136, 138 (1998). Virginia law recognizes certain statements as defamatory per se, including statements which impute to the plaintiff the commission of a criminal offense, impugn his fitness for his trade, or prejudice plaintiff in pursuit of his trade. *Goulmamine v. CVS Pharmacy, Inc.*, 2015 WL 5920009, at *3 (E.D. Va. Oct. 9, 2015) (citing *Hatfill v. New York Times Co.*, 416 F.3d 320, 330-31 (4th Cir. 2005)).

5

To prejudice a plaintiff in its profession or trade, "the statements must relate to 'the skills or character required to carry out the particular occupation of the plaintiff.'" *JTH Tax, Inc. v. Grabert*, 8 F.Supp.3d 731, 741 (E.D. Va. 2014) (citing *Swengler v. ITT Corp. Electro-Optical Products Div.*, 993 F.2d 1063, 1070–71 (4th Cir.1993)). "There must be a nexus between the content of the defamatory statement and the skills or character required to carry out the particular occupation of the plaintiff." *Fleming v. Moore*, 275 S.E.2d 632, 636 (1981) (citations omitted) (holding that allegations of racism were outside of the context of plaintiff's employment as a teacher and therefore not necessarily harmful to his profession).

In *Wynn v. Wachovia Bank*, the court found that a supervisor's email to the department stating that the plaintiff abandoned her job "harms her business relationships and negatively casts a light on her character and professionalism." 2009 WL 2147629, at *9 (E.D. Va. July 14, 2009). However, in *Wynn* there was a factual dispute regarding whether plaintiff provided her supervisor with notice of her absence and was approved to miss work. *Id.* at *3. In contrast, in this case there is no factual dispute that Plaintiff was scheduled to return to work on August 1, 2014, and she did not notify her employer that she would not be returning on that date. Am. Compl. ¶ 14. Therefore, Defendant Darden's statements were substantially true and not defamatory or defamatory per se.

## B. Requisite Intent

The standard for intent differs depending on whether the Plaintiff is a public figure or a private citizen. *See generally Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974). In order to determine which standard applies, the Court must first determine whether the Plaintiff is a public figure or a private citizen. *Id.* A public figure is someone who "achieves ... fame or notoriety ..." or "injects himself or is drawn into a particular public controversy and thereby becomes a public figure for a limited range of issues. *Id.* at 351.

In *New York Times v. Sullivan*, the Court found that Respondent was a public figure. *See* 376 U.S. 254 (1964). The Respondent in that case was one of three elected commissioners for the city of Montgomery, Alabama. *Id.* at 256. Respondent's duties included overseeing Montgomery Police and Fire Departments. *Id.* In this role, Respondent was the public representative for large government departments. *Id.* at 253. Unlike the Respondent in New York Times, the Plaintiff here was a hired city employee and the facts presented do not indicate that her role as Isle of Wight's Economic Development Director elevated the Plaintiff to the same level of notoriety and prominence.

Therefore, the standard for defamation against a private citizen applies to Plaintiff. This Court must follow the Virginia standard for determining whether alleged defamatory statements about a private citizen were made with the requisite intent. *Gazelle, Inc. v. Harris*, 325 S.E.2d 713, 724 (1985). In order to satisfy this standard the plaintiff must show (1) that the statements were false and (2) the defendant knew they were making false statements or "acted negligently in failing to ascertain the facts on which the [statements were] based." *Id.* at 725.

As discussed above, the Court finds that Plaintiff has failed to allege sufficient facts indicating that Defendant Darden's statements were false. Therefore, because Plaintiff does not demonstrate that Defendant Darden's statements were false, she cannot demonstrate that Defendant Darden knew these statements were false or acted negligently in failing to determine whether they were false. Plaintiff fails to sufficiently plead a claim for defamation against Defendant Darden. Even accepting Plaintiff's assertions as true, Defendant Darden's statements were neither false nor defamatory.

## IV. CONCLUSION

For the reasons stated above, Defendant Darden's Motion to Dismiss Counts Three and Four of Plaintiff's Amended Complaint for failure to state a claim is **GRANTED**. Counts Three and Four being the only counts alleged against her, Defendant Delores Darden is hereby **DISMISSED** from this case. The Clerk is **DIRECTED** to send a copy of this Order to the Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
April 20, 2016

/s/
Raymond A. Jackson
United States District Judge