IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| LISA T. PERRY, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Case No. 2:15cv204 ) |
| ISLE OF WIGHT COUNTY, | ) ) |
| Defendant. | ) |

## FINAL PRETRIAL ORDER

THIS DAY came the parties, Lisa T. Perry ("Plaintiff") and Defendant Isle of Wight County ("Isle of Wight"), by counsel, for a final pretrial conference held pursuant to Fed. R. Civ. P. 16, the Local Rules of this Court, and the Rule 16(b) Scheduling Order previously entered herein; and the parties having stipulated as to various matters and having identified exhibits, witnesses, factual contentions and triable issues, it is hereby **ORDERED** as follows:

    1.    **The Plaintiff and Defendant stipulate as to certain undisputed facts as follows:**

    (a)    On May 2, 2014, Perry injured her shoulder by falling through a hatch on the deck of a large catamaran sailboat.

    (b)    On approximately May 7, 2014, Perry had an appointment with an orthopedic surgeon, Dr. Jason Smith. Dr. Smith took x-rays and informed Perry she had a fracture in her upper left arm.

    (c)    Dr. Smith prescribed Perry pain medication and instructed her to wear her arm in a sling for 30 days.

(d) Except for taking off a few days at the end of May, 2014, Perry worked through May and most of June.

(e) On June 26, 2014, having obtained no relief, Perry saw Dr. Douglas Boardman, who diagnosed Perry with "frozen shoulder," or "immobility in the shoulder area." Dr. Boardman prescribed aggressive physical therapy, pain medication, scheduled a follow-up appointment for July 31 and recommended that Perry take at least 30 days off from work.

(f) From June 27, 2014 until July 31, 2014, Lisa Perry was entitled to FMLA leave. At the July 31, 2014, appointment with Dr. Boardman, Perry was advised by Dr. Boardman not to return to work until Monday, August 4th. Perry did not inform Isle of Wight of this on July 31, August 1, August 2, or August 3 (August 2 and 3, 2014, were a Saturday and Sunday). Perry contends she was entitled to leave on August 1, a Friday, and should have been allowed to return to work on August 4. Isle of Wight disputes this and contends her leave ended on July 31.

(g) Perry had a salary and benefit package at the point at which her employment terminated worth, at least, $98,000 per year.

(h) Plaintiff's Exhibits 1, 3, 5, 6 and 7 are authentic Isle of Wight documents and stipulated as admissible into the trial record without further testimony or support.

2(a). The Plaintiff (P) expects to offer, or may offer (indicated by *), into evidence the following exhibits to which Defendant has no objection:

| Party | No. | Description | Bates No. |
|---|---|---|---|
| P | 1. | FMLA Leave request | Pl's Depo Ex. #1 PERRY0374 |
| P | 2. | Dr. Boardman's certification for Perry FMLA leave | Depo Ex. #2 |
| P | 3. | Notice of Eligibility and Rights & Responsibilities (Family and Medical Leave Act) | Pl's Depo Ex #2 Def's Initial Disclosures 14-15 PERRY366-367 |

2

| Party | No. | Description | Bates No. |
|---|---|---|---|
| P | 4. | Dr. Boardman's preliminary report | Depo Ex. #3 PERRY00363-00364 |
| P | 5. | Isle of Wight Employee Handbook excerpt Section 5.11-5.13 | Pl's Depo Ex. #3 PERRY369-373 |
| P | 6. | Aug 1 2014 Termination letter | Pl's Depo Ex #5 PERRY375-376 |
| P | 7. | Dept of Labor FMLA designation | Pl's Depo Ex #6 PERRY365 |
| P | 8. | USPS Tracking Information | Pl's Depo Ex #7 PERRY383-384 |
| P | 9. | VCU medical records | PERRY00001-00024 |
| P | 10. | Tidewater Physical Therapy medical records* | PERRY 00025-63 |
| P | 11. | Riverside Orthopedics medical records* | PERRY 00064-87 |
| P | 12. | Eagle Harbor Primary Care medical records (1of 2)* | PERRY 88-103 |
| P | 13. | Eagle Harbor Primary Care medical records (2 of 2)* | PERRY 104-186 |
| P | 14. | Director of Economic Development Job Description | PERRY 360-361 |
| P | 15. | Doctor's note 6-26-14 | PERRY 362 |
| P | 16. | Doctors note for return to work | PERRY 363-364 |
| P | 17. | IOW Policy manual re: FMLA leave* | PERRY 369-373 |
| P | 18. | VEC unemployment decision | PERRY 385-386 |
| P | 19. | 2012 Tax return (Redacted)* | PERRY 401-414 |
| P | 20. | 2013 Tax return (Redacted)* | PERRY 415-432 |

    **2(b).** The Defendant (D) expects to offer, or may offer, into evidence the following exhibits, to which Plaintiff has no objection:

| Party | No. | Description | Bates No. |
|---|---|---|---|
| D | 1. | 8/1/14 letter from Mary Beth Johnson to Lisa Perry | Def's Resp to PL's 1st RFP 002539 |
| D | 2. | Excerpt of Isle of Wight County Policy Manual regarding Leave Under the FMLA | Def's Resp to PL's 1st RFP 002540-002543 |
| D | 3. | Request for FMLA | Def's Resp to PL's 1st RFP 002544 |
| D | 4. | Designation Notice | Def's Resp to PL's 1st RFP 002545 |

| Party | No. | Description | Bates No. |
|---|---|---|---|
| D | 5. | Notice of Eligibility and Rights and Responsibilities | Def's Resp to PL's 1st RFP 002546-002547 |

The parties each stipulate that they may offer any document that has been listed above by the other party.

3(a). The names and address of the witnesses who will or may testify on behalf of the Plaintiff, and the purpose of such testimony, are as follows (* denotes "may call"):

| Name | Address | Purpose | Objections | Rulings |
|---|---|---|---|---|
| Lisa T. Perry | 19227 Farm Road Smithfield, VA 23430 757-642-3175 | Fact | | |
| Charles ("Chad") Joseph Rogers* | 19227 Farm Road Smithfield, VA 23430 757-642-3175 | Fact | | |
| Delores Darden* | c/o Isle of Wight County 17140 Monument Circle Isle of Wight, VA 23397 Phone number in possession of Defendant | Fact | | |
| Ann Seward* | 1195 Colonial Trail East Surry, Virginia, 23883 | Fact | | |
| Mary Beth Johnson | c/o Isle of Wight County Attorney 17090 Monument Circle Isle of Wight, Virginia 23383 Phone number in possession of Defendant | Fact | | |
| Linda Tuck | c/o Isle of Wight County Attorney 17090 Monument Circle Isle of Wight, Virginia 23383 Phone number in possession of Defendant | Fact | | |

| Name | Address | Purpose | Objections | Rulings |
|---|---|---|---|---|
| N. Douglas Boardman, III, MD* | VCU Medical Center at Stony Point<br>Department of Orthopedics<br>9000 Stony Point Parkway<br>Richmond, VA 23235<br>804-560-8945 | Fact/Opinion | | |

Plaintiff reserves the right to call all witnesses identified by the Defendant and any other witnesses necessary for rebuttal or impeachment. Defendant has no objection to these reservations.

Plaintiff may present the deposition testimony of the following witnesses in the event they prove unavailable for trial:

| Name | Purpose | Objection | Ruling |
|---|---|---|---|
| Ann Seward | Fact | | |
| Mary Beth Johnson | Fact | | |
| Linda Tuck | Fact | | |

3(b). **The names and address of the witnesses who will or may testify on behalf of the Defendant, and the purpose of such testimony, are:**

| Name | Address | Purpose | Objections | Rulings |
|---|---|---|---|---|
| Mary Beth Johnson | c/o Isle of Wight County<br>17090 Monument Circle<br>Isle of Wight, VA 23383 | Fact | | |
| Linda Tuck | c/o Isle of Wight County<br>17090 Monument Circle<br>Isle of Wight, VA 23383 | Fact | | |
| Anne Seward | 1195 Colonial Trail East<br>Surry, VA 23883 | Fact | | |
| W. Douglas Caskey | c/o Isle of Wight County<br>17090 Monument Circle<br>Isle of Wight, VA 23383 | Fact | | |

5

Defendant does not plan on presenting witnesses by deposition, but reserves the right to present testimony from the following witnesses should they become unavailable:

| Name | Purpose | Objection | Ruling |
|---|---|---|---|
| Lisa Perry | Fact | | |
| Ann Seward | Fact | | |
| Linda Tuck | Fact | | |
| Mary Beth Johnson | Fact | | |

Defendant reserves the right to call any witness listed by the Plaintiff, and any other witnesses necessary for rebuttal or impeachment. Plaintiff has no objection to these reservations.

**4(a). The factual contentions of Plaintiff are:**

(a) On May 2, 2014, Perry injured her shoulder by falling through a hatch on the deck of a large catamaran sailboat.

(b) On approximately May 7, 2014, Perry had an appointment with an orthopedic surgeon, Dr. Jason Smith. Dr. Smith took x-rays and informed Perry she had a fracture in her upper left arm.

(c) Dr. Smith prescribed Perry pain medication and instructed her to wear her arm in a sling for 30 days.

(d) Except for taking off a few days at the end of May, 2014, Perry worked through May and most of June.

(e) On June 26, 2014, having obtained no relief, Perry saw Dr. Douglas Boardman, who diagnosed Perry with "frozen shoulder," or "immobility in the shoulder area." Dr. Boardman prescribed aggressive physical therapy, pain medication, scheduled a follow-up appointment for July 31 and recommended that Perry take at least 30 days off from work.

(f)     Dr. Boardman also estimated that the duration of the complete time of incapacitation may be up to four months from the onset of the original injury – that would mean to some point in early September, 2014.

(g)     At the point that Perry initiated her FMLA leave request in late June, 2014, Mary Beth Johnson, the County's Director of Human Resources, referred Perry to Linda Tuck in the Human Resources office to fill out the requisite paperwork. Linda Tuck served as the County's FMLA coordinator and was assigned to the Human Resources Department as a Human Resources professional.

(h)     On the County's "Request for Family/Medical Leave" form, Perry requested leave beginning Friday, June 27, 2014, and ending Thursday, July 31, 2014, with the express provision that the leave would not actually terminate at that point without her physician's approval. This request was approved by the County, in the precise manner in which Perry requested it, on or about July 14, 2014. Moreover, Perry was scheduled to see Dr. Boardman on July 31, 2014, and made the County aware of this fact no later than July 9, 2014.

(i)     On or about July 14, 2014, Isle of Wight issued a Notice of Eligibility and Rights and Responsibilities under the FMLA to Perry. The Notice provided as follows:

> If your leave does qualify for FMLA leave you will have the
> following responsibilities while on FMLA leave (only checked
> blanks apply):
>
> __√__ Contact Linda Tuck at 757-365-6266 to make arrangements
>       to continue to make your share of the premium payments
>       on your health insurance to maintain health benefits while
>       you are on leave. You have a minimum 30-day (or,
>       indicate longer period, if applicable) grace period in which
>       to make premium payments. If payment is not made
>       timely, your group health insurance may be cancelled,
>       provided we notify you in writing at least 15 days before
>       the date that your health coverage will lapse, or, at our
>       option, we may pay your share of the premiums during

7

> FMLA leave, and recover these payments from you upon your return to work.
>
> __√__ You will be required to use your available paid __√__ sick, __√__ vacation, and/or __√__ other leave during your FMLA absence. This means that you will receive your paid leave and the leave will also be considered protected FMLA leave and counted against your FMLA leave entitlement.
>
> _____ Due to your status within the company, you are considered a "key employee" as defined in the FMLA. As a "key employee," restoration to employment may be denied following FMLA leave on the grounds that such restoration will cause substantial and grievous economic injury to us. We ___ have/_____ have not determined that restoring you to employment at the conclusion of FMLA leave will cause substantial and grievous economic harm to us.
>
> _____ While on leave you will be required to furnish us with periodic reports of your status and intent to return to work every _____ (Indicate interval of periodic reports, as appropriate for the particular leave situation).

The last blank for mandatory periodic reports was not checked.

(j) Perry understood that she would have to provide more paperwork or other information to the County after the July 31, 2014, appointment, but believed, in accordance with Isle of Wight policy, that she had at least two business days to do so should her leave be extended.

(k) On Thursday, July 31, 2014, Perry went for her second appointment with Dr. Boardman. Dr. Boardman informed her that she needed to be out until Monday, August 4th, so that she could wean herself off of the opioid painkillers and get some additional rest.

(l) Perry did not believe she was required to call the County immediately because of the notice provided to her at Plaintiff's Ex. 3 and the County policy indicating that two business days' notice after the change in circumstance is sufficient. She also believed that Dr. Boardman's office had forwarded the note directly to the County on or about July 31, 2014,

8

immediately after her appointment. When Perry did not report for work the next morning, Friday, August 1, 2014, the County deemed her absence to constitute her resignation and ended her employment – it sent her a letter to this effect that day.

(m) The Isle of Wight policy referenced above and cited by the County in their memorandum in support of summary judgment states as follows:

> When leave is foreseeable for childbirth, placement of a child or planned medical treatment for the employee's or family member's serious health condition, the employee must provide the County with at least 30 days advance notice, or such shorter notices as is practicable (i.e., within 1 or 2 business days of learning of the need for the leave). When the timing of the leave is not foreseeable, the employee must provide the County with notice of the need for leave as soon as practicable (i.e., within one or two business days of learning of the need for leave).

It is undisputed that this policy language applies in precisely this circumstance. Johnson, the County Human Resources Director, admitted this and testified as follows:

> Q: Ma'am, if the County had a policy that Lisa Perry was to communicate with the County about what happened in the July 31 appointment with Dr. Boardman, what is the policy with respect to how quickly she had to report that?
>
> A: It states that when leave is foreseeable for certain reasons, one of which is considered planned medical treatment that you either have coming up or that you are in the middle of, if you have already started an FMLA case you are to provide the County notice as soon as practicable. And it states roughly, i.e., standing for roughly, i.e., which means roughly, within one or two business days of learning of the need for the leave.
>
> Q: Now, if she were to have been given the full two business days, that would have given her until Monday – that Monday – which I think was August 4, to apprise the County of her status, correct, if you had given her the full two days?
>
> A: Under your calculation, yes.

9

Johnson could not identify any other manner in which to calculate it. Moreover, Johnson apparently labors under a misunderstanding as to what the abbreviation "i.e." actually means. The abbreviation stands for the Latin phrase *id est* and means "that is," not "roughly." In any event, the County never – in any manner – informed Perry when her leave was to terminate.

(n) Perry contends that her annual compensation package at the time her employment terminated was worth not less than $106,000 per year.

(o) Perry arrived ready and able to resume her position with the County on the morning of Monday, August 4, 2014. She was told that she had been deemed to resign her position as of the previous Friday, August 1st, and that her job was no longer available. As a result, she subsequently suffered significant damages and loss of income in the amount of more than $250,000.00.

(p) Perry's termination violated the FMLA and she is entitled to total damages of approximately $525,000.00.

**4(b). The Defendant's factual contentions are as follows:**

(a) In May 2014, Perry injured her arm by falling through a hatch on a catamaran. Perry Tr. at 13:25-14:9. On approximately May 7, 2014, Perry had an appointment with an orthopedic surgeon, Dr. Jason Smith. *Id.* at 15:15-16:1-3. Dr. Smith took x-rays and informed Perry she had a fracture in her upper left arm. *Id.* at 15:7-12, 17:1-3. Dr. Smith prescribed Perry pain medication and instructed her to wear her arm in a sling for 30 days. *Id.* at 17:7-12. Except for taking off a few days at the end of May, Perry worked through May and most of June. *Id.* at 17:22-18:1. On June 26, 2014, Perry saw Dr. Douglas Boardman, who diagnosed Perry with "frozen shoulder," or immobility in the shoulder area. *Id.* at 19:1-10. Dr. Boardman prescribed aggressive physical therapy, pain medication, and recommended that Perry take 30 days leave

10

from work. *Id.* at 19:11-17. At that June 26, 2014 appointment, Dr. Boardman scheduled Perry for a second appointment on July 31, 2014. *Id.* at 24:11-16. He informed Perry he would evaluate her at the July 31, 2014 appointment to determine whether she could return to work at that time. *Id.* at 28:7-13.

(b)  Mary Beth Johnson, the County's Director of Human Resources, referred Perry to Linda Tuck in the Human Resources ("HR") office to fill out paperwork for FMLA leave. *Id.* at 19:23-20:1. On the County's "Request for Family/Medical Leave" form, Perry requested leave beginning Friday, June 27, 2014, and ending Thursday, July 31, 2014. Perry wrote "with doctor's approval" on the form. Perry Tr. at 21:16-18. On July 14, 2014, the County informed Perry that her FMLA leave application had been approved. Amend. Compl. at ¶ 16. Perry assumed she would have to provide more paperwork after the July 31, 2014 appointment with Dr. Boardman. Perry Tr. at 29:20-22.

(c)  On Thursday, July 31, 2014, at 10 a.m., Perry went for her second appointment with Dr. Boardman. *Id.* at 30:10-14. Perry did not contact the County on Thursday, July 31, 2014 to inform her employer that she planned on extending her leave an extra day, to Friday, August 1, 2014 (and returning to work on Monday, August 4, 2014). *Id.* at 33:16-22. On Friday, August 1, 2014, Perry again did not call the County. *Id.* at 33:23-25. There was no reason Perry did not call the County other than she did not believe she was required to. *Id.* at 36:5-7. Perry had expected an HR employee from the County to call her after her appointment on July 31, 2014. *Id.* at 35:10-14.

(d)  Under County policy 5.12, if an "employee does not return to work following the conclusion of FMLA leave, the employee will be considered to have voluntarily resigned."

11

(e) Linda Tuck told Mary Beth Johnson that Perry had agreed to give an update on her health while she was on FMLA leave. Johnson Tr. at 39:5-7. If given no update, Johnson expected Perry to return to work August 1, 2014. *Id.* at 39:7-8. On August 1, 2014, Seward, the County Administrator, advised Johnson that she had gone to the Economic Development Department and Perry was not present. *Id.* at 39:9-11. Johnson remained accessible and checked her voicemail throughout the day for a message from Perry. *Id.* at 39:13-14. Although Tuck was out on August 1 Johnson called Tuck to ask whether she had heard from Perry. *Id.* at 39:14-15. She confirmed Tuck had not heard from Perry. *Id.* Johnson then had Mr. Meek, the executive assistant, check Seward's desktop voicemail. *Id.* at 39:15-18. After also checking the office fax machine, Johnson advised Seward that the County had not heard from Perry and per County policy Perry had voluntarily resigned. *Id.* at 39:18-24. Johnson waited until 4:30 p.m. to take any action regarding Perry's absence. *Id.* at 40:18-19. At 4:30 p.m., Johnson took a letter to the post office to send to Perry informing her that she had voluntarily resigned her employment at the County when she failed to report to work on August 1, 2014, pursuant to County policy 5.12. *Id.* at 40:24-41:5; Resignation Letter.

(f) When Perry showed up at the County building on August 4, 2014, Johnson met with her. Perry Tr. at 36:8-18. Johnson presented Perry with a copy of the letter that had been sent to her on August 1, 2014. *Id.* at 38:15-25. Perry had not yet received the letter in the mail at the time of her meeting with Johnson. *Id.* at 38:25-39:1.

(g) The manner in which Perry's employment with Isle of Wight terminated did not violate the FMLA, even if it did Perry did not sustain the damages she claims.

**5(a). The triable issues as contended by the Plaintiff are:**

(a) Whether the Defendant terminated the Plaintiff in violation of her protected rights under the FMLA.

(b) Whether the Plaintiff is entitled to damages, and, if so, in what amount. [handwritten initials] LRL

(c) Whether the Plaintiff's damages should be doubled under the FMLA.

**5(b). The triable issues as contended by the Defendant are:**

(a) Whether the Defendant terminated the Plaintiff in violation of her protected rights under the FMLA.

(b) Whether the Plaintiff is entitled to damages, and, if so, in what amount. [handwritten initials] LRL

(c) Whether the Plaintiff's damages should be doubled under the FMLA.

**6. Pending Motions.**

1. Defendant's Motion for Summary Judgment
2. Plaintiff's Cross Motion for Summary Judgment

ENTERED this 21st day of December, 2016.

_____
United States District Court Judge or
United States Magistrate Judge

WE ASK FOR THIS:

_____
James H. Shoemaker, Jr., VSB No. 33148
Jason E. Messersmith, VSB No. 77075
Andrew J. Dean, Esq., VSB No. 88192
Patten, Wornom, Hatten & Diamonstein, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, Virginia 23602
Telephone: (757) 223-4580
Facsimile: (757) 223-4518
Jshoemaker@pwhd.com
jmessersmith@pwhd.com
adean@pwhd.com

Cindra Dowd, VSB No. 33819
Richard J. Serpe, VSB No. 33340
Law Offices of Richard J. Serpe, P.C.
Crown Center, Suite 310

13

580 East Main Street
Norfolk, Virginia 23510-2322
Telephone: (757) 233-0009
Facsimile: (757) 233-0455
cdowd@serpefirm.com
rserpe@serpefirm.com

*Counsel for Plaintiff*

_____
Jim H. Guynn, Jr., Esq., VSB No. 22299
Guynn & Waddell, P.C.
415 S. College Avenue
Salem, VA 24153
Telephone: (540) 387-2320
Facsimile: (540)389-2350
Email: jimg@guynnwaddell.com

Mark C. Popovich, Esq., VSB No. 45414
County Attorney
17090 Monument Circle
P.O. Box 80
Isle of Wight, Virginia 23397
Telephone: (757) 365-1641
Email: mpopovich@isleofwightus.net

*Counsel for Defendant*