**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | |
|---|---|
| **LISA T. PERRY,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )     Case No. 2:15cv204 |
| | ) |
| **ISLE OF WIGHT COUNTY,** | ) |
| | ) |
|     **Defendant.** | ) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION**
**FOR LEAVE TO FILE SUPPLEMENTAL ARGUMENT AND AUTHORITIES**

    The Plaintiff, Lisa Perry, by counsel, for her Memorandum of Law in Support of Motion for Leave to File Supplemental Argument and Authorities states as follows:

    If the Court finds that Isle of Wight is liable under the Family and Medical Leave Act for material interference with Plaintiff's FMLA rights, the Court may consider awarding her front pay or reinstating her, among other remedies. In that instance, unless the Court has already determined that front pay should be awarded as Plaintiff asserts is appropriate, the determination of which of these equitable remedies to apply should be made at the time of judgment. This is because certain factors that should be considered, namely the availability of substantially similar positions, cannot be known until the time of judgment. Accordingly, because of this and other factors, Plaintiff's motion should be granted and the relief sought in this filing should be considered and granted.

    Beginning with an early Title VII case, the Fourth Circuit has recognized the principle that in determining whether front pay is an appropriate remedy, the Court should take into account, at the time of judgment, whether the position which the plaintiff was wrongfully denied, or a substantially similar position, is vacant or otherwise available. *Patterson v. American*

*Tobacco Company*, 535 F.2d 257, 268-270 (4th Cir. 1976)[1]; *see also Duke v. Uniroyal, Inc.*, 928 F.2d 1413, 1423 (4th Cir. 1991); *Fitzgerald v. Sirloin Stockade, Inc.,* 624 F.2d 945, 956-957 (10th Cir. 1980); *Whittlesey v. Union Carbide Corporation*, 742 F.2d 724, 728 (2nd Cir. 1984).  If the old position or a substantially similar one is not available, this fact militates in favor of an award of front pay as opposed to reinstatement.  *Id.*

Whether the position from which Plaintiff was terminated in this case, or a substantially similar one, will be open at the time of judgment is unknown.  Accordingly, if the Court is not already and finally persuaded that front pay should be granted on already extent factors, the determination of the appropriateness of front pay versus reinstatement should be determined at the time of judgment.  Because such determination should be made at the time of judgment, and such judgment has not yet occurred, it would be appropriate for the Court to take judicial notice that the position of Isle of Wight Director of Economic Development is filled, assuming this remains the case, or vacant, if it does not, at the point judgment is entered. http://insidetheisle.com/about-us/economic-development-department/[2].  In addition, and again because this assessment should be made at the time of judgment, if the Court is not inclined to accept judicial notice from publicly available County information, Plaintiff requests that the Court make inquiry of the Defendant as to whether or not such a position exists before deciding the issue.  One way to resolve this may be for the Court to request the Defendant to identify vacant positions, if any, it claims to be substantially similar and to update any such listing as conditions change prior to judgment.

---

[1]  This is an early Title VII case and the phrase "front pay" was not used – it was, however, the relief being discussed in the context of this cite.

[2]  The incumbent and his contact information are provided at this web address and a listing of positions available with the County is found at http://agency.governmentjobs.com/isleofwightva.  It is accessible at a link that appears at the main Isle of Wight website under Guide to Service and the subheading Employment Opportunities.

In summary, the Plaintiff asserts that front pay is among the appropriate remedies in this matter not only for the reasons set forth in her Proposed Findings of Fact and Conclusions of Law, but her arguments in support of relief in the form of front pay are even more compelling and clearer assuming that the position of Director of Economic Development is filled and no substantially similar post exists within Isle of Wight at the time of judgment. Plaintiff requests that the Court either take judicial notice of the relevant facts or request the parties to provide additional facts on this subject as set forth above. If this motion is granted, Plaintiff requests that this memorandum be deemed to constitute her Supplemental Argument and Authorities and, in that event, submits that no further filing is necessary.

**Respectfully submitted,**

**LISA T. PERRY**

By: */s/ James H. Shoemaker, Jr.*

James H. Shoemaker, Jr., Esq., VSB No. 33148
Jason E. Messersmith, Esq., VSB No. 77075
Andrew J. Dean, Esq., VSB No. 88192
Patten, Wornom, Hatten & Diamonstein, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, Virginia 23602
Telephone: (757) 223-4580
Facsimile: (757) 223-4518
jshoemaker@pwhd.com
jmessersmith@pwhd.com
adean@pwhd.com

Cindra Dowd, VSB No. 33819
Richard J. Serpe, VSB No. 33340
Law Offices of Richard J. Serpe, P.C.
Crown Center, Suite 310
580 East Main Street
Norfolk, Virginia 23510-2322
Telephone: (757) 233-0009
Facsimile: (757) 233-0455
rserpe@serpefirm.com
cdowd@serpefirm.com

Case 2:15-cv-00204-RAJ-LRL Document 64 Filed 06/28/17 Page 4 of 4 PageID# 958

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of June, 2017, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Jim H. Guynn, Jr., VSB No. 22299
Guynn & Waddell, P.C.
415 S. College Avenue
Salem, Virginia 24153
Telephone: 540-387-2320
Facsimile: 540-389-2350
jimg@guynnwaddell.com

Mark C. Popovich, VSB No. 45414
County Attorney
17090 Monument Circle
P.O. Box 80
Isle of Wight, Virginia 23397
Telephone: 757-365-1641
mpopovich@isleofwightus.net
*Counsel for Defendants*

                 */s/ James H. Shoemaker, Jr.*
                 James H. Shoemaker, Jr., Esq., VSB No. 33148
                 Jason E. Messersmith, Esq., VSB No. 77075
                 Andrew J. Dean, Esq., VSB No. 88192
                 Patten, Wornom, Hatten & Diamonstein, L.C.
                 12350 Jefferson Avenue, Suite 300
                 Newport News, Virginia 23602
                 Telephone: (757) 223-4580
                 Facsimile: (757) 223-4518
                 jshoemaker@pwhd.com
                 jmessersmith@pwhd.com
                 adean@pwhd.com