**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| LISA T. PERRY, )  )  Plaintiff, )  )  v. )  )  ISLE OF WIGHT COUNTY, )  )  Defendant. ) | Case No. 2:15cv204 |

**PLAINTIFF'S REBUTTAL MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE TO FILE
<u>SUPPLEMENTAL ARGUMENT AND AUTHORITIES</u>**

Lisa Perry, by counsel, states as follows for her rebuttal memorandum in support of her Motion for Leave to File Supplemental Argument and Authorities:

In addition to damages at law, the FMLA entitles an aggrieved employee to "such equitable relief as may be appropriate, including employment, reinstatement, and promotion." *Dotson v. Pfizer, Inc.*, 558 F.3d 284, 300 (4th Cir. 2009), quoting, 29 U.S.C. §2617(a)(1)(B). The remedy should be "tailored to the harm suffered." *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002). Contrary to Isle of Wight's assertions, the Fourth Circuit has recognized that front pay is "a proper form of relief that is 'an alternative and complement to reinstatement.'" *Dotson*, 558 F.3d at 300, quoting *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 307 (4th Cir. 1998). While reinstatement is the preferred remedy over an award of front pay, many factors, which are present in this case, militate in favor of an award of front pay over reinstatement. The Fourth Circuit has stated:

> It is axiomatic, however, that notwithstanding the desirability of reinstatement, intervening historical circumstances can make it impossible or inappropriate. For example, reinstatement has not been ordered when the employer has demonstrated "such extreme

> hostility that, as a practical matter, a productive and amicable working relationship would be impossible." *EEOC v. Prudential Fed. Sav. & Loan Ass'n*, 763 F.2d 1166, 1172 (10th Cir.), *cert. denied*, 474 U.S. 946, 106 S.Ct. 312, 88 L.Ed.2d 289 (1985). Reinstatement has also been found inappropriate when the litigation itself created such animosity between the parties that any potential employer-employee relationship was irreparably damaged; or when the company was no longer in business; or when the particular business for which the plaintiff was qualified was no longer operating; or when there was no comparable position available. *See Whittlesey v. Union Carbide Corp.*, 742 F.2d 724, 728 (2d Cir. 1984). Also, when the period for reinstatement was expected to be a relatively short one, such as if the plaintiff was close to retirement, the strong preference in favor of reinstatement has been found to be neutralized by the increased certainty of the potential loss of pay, permitting consideration of a front pay award. *See e.g., McNeil v. Economics Laboratory, Inc.*, 800 F.2d 111, 118 (7th Cir. 1986), *cert. denied*, 481 U.S. 1041, 107 S.Ct. 1983, 95 L.Ed.2d 823 (1987). Combinations of the factual circumstances noted could lead to awards for temporary periods of front pay, such as a time for retraining the employee if that course is the one more suited to making him or her whole.

*Duke v. Uniroyal, Inc.*, 928 F.2d 1413, 1423 (4th Cir. 1991).

Whether front pay is to be provided as part of an award under the FMLA is "a matter left to the discretion of the trial judge who must consider a host of factors, including whether reinstatement is practical." *Id.*

The instant motion was filed because in Plaintiff's Proposed Findings of Fact and Conclusions of Law Plaintiff inadvertently failed to note that an extant fact renders front pay the only "practical" remedy for prospective relief: there is no comparable position available with Isle of Wight in which Perry can be placed. Other extant factors strongly militate in favor of an award of front pay in lieu of reinstatement, they are: 1) Perry is old; 2) she has a limited education; and 3) she remains unemployed after a lengthy and diligent effort to find comparable employment. These factors all support an award of front pay. *Dotson*, 558 F.3d at 300. While the factors identified in *Dotson* were employed to affirm a denial of front pay in an FMLA

interference case, the denial was held justified in large measure only because the plaintiff was young, well educated, and had obtained similar employment to the position from which he was terminated by the time of trial. *Id.* The exact opposite facts exist in this case: 1) Perry is 59 years old and nearing retirement; 2) Perry has only a high school diploma; and 3) after nearly 100 attempts, she has not found comparable employment.

The position of Director of Economic Development within Isle of Wight County is currently filled. The Court can and should take judicial notice of this fact and that there is no comparable position available for Perry within Isle of Wight. Federal Rule of Evidence 201 permits the Court to take judicial notice of facts "generally known within the trial court's territorial jurisdiction" which are not subject to reasonable dispute and which can be "accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Federal Rule of Evidence 201(b). The Court may take judicial notice on its own and must take judicial notice if a party requests it and the Court is supplied with necessary information. Federal Rule of Evidence 201(c). The Court may take judicial notice of a fact at any stage of the proceeding. Federal Rule of Evidence 201(d).

Isle of Wight is a county with a population of 35,270 as of the 2010 census. https://en.wikipedia.org/wiki/isle_of_wight_county,_virginia. An organizational chart of its departments is enclosed as Attachment 1.[1] The portion of its webpage describing the Economic Development Department is enclosed as Attachment 2. The Economic Development Director is identified on the Isle of Wight webpage as an incumbent named Tom Elder. *Id.* On July 16, 2017, the Daily Press, a newspaper with wide circulation within the Hampton Roads area, wrote an article with the headline "Newport News Official Named Isle of Wight County Development

---

[1] All of the Attachments (with the exception of Attachments 3 and 4) are taken from Isle of Wight's website, a reliable public source of information.

3

Assistant." Attachment 3. In the article, the Isle of Wight Economic Development Director was identified as Tom Elder. *Id.* Tom Elder maintains a LinkedIn page which currently identifies his position as Director of Economic Development at Isle of Wight County, Virginia. Attachment 4. Isle of Wight maintains a listing of current employment opportunities on its webpage; it is provided as Attachment 5.

Plaintiff requests that the Court take judicial notice of the following facts: 1) that the position from which Lisa Perry was terminated is now filled by a different incumbent – the name of the incumbent is Tom Elder; and 2) no similar position is available within Isle of Wight County. In the alternative, the Plaintiff requests that the Court inquire of the Defendant whether or not the position of Director of Economic Development at Isle of Wight County is available and if any similar position is available. Assuming the position is filled, and no similar position is available, Plaintiff asserts that these facts provide strong additional support for an award of front pay in the event the Court finds Isle of Wight liable for the wrongful termination of Perry's employment in violation of the Family and Medical Leave Act.

**Respectfully submitted,**

**LISA T. PERRY**

By: */s/ James H. Shoemaker, Jr.*

James H. Shoemaker, Jr., Esq., VSB No. 33148
Jason E. Messersmith, Esq., VSB No. 77075
Andrew J. Dean, Esq., VSB No. 88192
Patten, Wornom, Hatten & Diamonstein, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, Virginia 23602
Telephone: (757) 223-4580
Facsimile: (757) 223-4518
jshoemaker@pwhd.com
jmessersmith@pwhd.com
adean@pwhd.com

Cindra Dowd, VSB No. 33819
Richard J. Serpe, VSB No. 33340
Law Offices of Richard J. Serpe, P.C.
Crown Center, Suite 310
580 East Main Street
Norfolk, Virginia 23510-2322
Telephone: (757) 233-0009
Facsimile: (757) 233-0455
rserpe@serpefirm.com
cdowd@serpefirm.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 18th day of July, 2017, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Jim H. Guynn, Jr., VSB No. 22299
Guynn & Waddell, P.C.
415 S. College Avenue
Salem, Virginia 24153
Telephone: 540-387-2320
Facsimile: 540-389-2350
jimg@guynnwaddell.com

Mark C. Popovich, VSB No. 45414
County Attorney
17090 Monument Circle
P.O. Box 80
Isle of Wight, Virginia 23397
Telephone: 757-365-1641
mpopovich@isleofwightus.net
*Counsel for Defendants*

                */s/ James H. Shoemaker, Jr.*
               James H. Shoemaker, Jr., Esq., VSB No. 33148
               Jason E. Messersmith, Esq., VSB No. 77075
               Andrew J. Dean, Esq., VSB No. 88192
               Patten, Wornom, Hatten & Diamonstein, L.C.
               12350 Jefferson Avenue, Suite 300
               Newport News, Virginia 23602
               Telephone: (757) 223-4580
               Facsimile: (757) 223-4518
               jshoemaker@pwhd.com
               jmessersmith@pwhd.com
               adean@pwhd.com