IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LISA T. PERRY,

    **Plaintiff,**

v.                                                                   **CIVIL ACTION NO. 2:15:cv204**

ISLE OF WIGHT COUNTY,

    **Defendant.**

## *MEMORANDUM OPINION & ORDER*

Before the Court is the petition of Lisa T. Perry's ("Plaintiff") Motion for Further Relief. ECF No. 72. Plaintiff, by counsel, requests further relief in the form of pre-judgment interest, in addition to Plaintiff's Motion for Attorneys' Fees and Costs. *Id.*; ECF No. 70. Both of these Motions stem from successfully suing the Isle of Wight County ("Defendant") for failing to reinstate Plaintiff in violation of the Family Medical Leave Act ("FMLA"). Plaintiff was employed by Defendant and was not reinstated to her position after her FMLA leave ended. These matters have been fully briefed and are ripe for disposition. A hearing will not aid judicial determination. For the reasons set forth herein, Plaintiff's Motion for Further Relief is **GRANTED** in part and **DENIED** in part and Plaintiff's Motion for Attorneys' Fees is **GRANTED** in part and **DENIED** in part.

### I. PROCEDURAL HISTORY

On May 12, 2015, Defendant removed this action from Isle of Wight Circuit Court. ECF No. 1. On October 28, 2015, Plaintiff filed an Amended Complaint alleging that Defendant had engaged in (1) retaliation in violation of the FMLA and (2) failure to reinstate in violation of the

1

FMLA. ECF No. 16. On January 24, 2017, after full briefing by the parties, the Court granted in part and denied in part Defendant's Motion for Summary Judgment. ECF No. 48. The Court dismissed Count I of the Amended Complaint, leaving Count II as the only remaining claim of the Amended Complaint. *Id.* The Court held a bench trial on March 7, 2017. ECF No. 59. On August 10, 2017, the Court issued its Findings of Fact and Conclusions of Law, as required by Rule 52(a) of the Federal Rules of Civil Procedure. ECF No. 68. The Court found Defendant liable for violating the FMLA and entered judgement for Plaintiff, in the amount of $747,320.66. *Id.*

Plaintiff filed a Motion for Attorneys' Fees on August 24, 2017, and a Motion for Further Relief on August 28, 2017. ECF Nos. 70-71, 72-73. On September 7, 2017, Defendant filed a Response to both Motions. ECF Nos. 74, 80. Plaintiff filed a Reply to the Motion for Attorneys' Fees on September 11, 2017. ECF No. 79. Plaintiff did not file a Reply on the Motion for Further Relief. On September 7, 2017, Defendant appealed to the United States Court of Appeals for the Fourth Circuit ("the Fourth Circuit"), but Defendant filed a motion to voluntarily dismiss the appeal on January 8, 2018. ECF Nos. 77, 85-86.

Plaintiff requests a total of $136,646.33 in attorneys' fees and costs together. ECF No. 70; *see also* ECF No. 79 at 7. Specifically, Plaintiff requests $129,929.65 in attorneys' fees at rates ranging from $200 and $385 per hour for 431.60 hours of work. ECF No. 70; *see also* ECF No. 79 at 4-5. Plaintiff also requests $6,716.68 in costs. *Id.* Lastly, Plaintiff requests a total of $8,507.00 in pre-judgment interest. ECF Nos. 72-73. Plaintiff bases the pre-judgment interest award on a United States Prime Rate ("Prime Rate") of 4.25%, compounded annually. *Id.*

## II. LEGAL STANDARDS

### A. Pre-Judgment Interest

According to the FMLA, pre-judgment interest on FMLA damages is mandatory rather than discretionary. *See* 29 U.S.C. § 2617(a)(1)(A)(ii) (2008); *Dotson v. Pfizer, Inc.*, 558 F.3d 284, 302 (4th Cir. 2009). "Under the FMLA, an employer 'shall be liable' for the pre-judgment interest on the amount of 'any wages, salary, employment benefits, or other compensation denied or lost to [an employee] by reason of the [FMLA] violation.'" *Dotson*, 558 F.3d 284 (citing 29 U.S.C. § 2617(a)(1)(A)(i)-(ii)). Pre-judgment interest also does not constitute the kind of "additional" relief that requires briefing—unlike other FMLA remedies like front pay and liquidated damages, which the district court has the discretion to reduce or deny outright. *Id.* at 302. Pre-judgment interest automatically becomes part of the damages award under the plain terms of the statute. *Id.*; *see also* 29 U.S.C. § 2617(a)(1)(A)(i)-(ii). Pre-judgment interest should be awarded at the prevailing rate. *See* 29 U.S.C. § 2617(a)(1)(A)(ii). The statute does not define the "prevailing rate"; and as a result, the district court has the discretion in determining the rate." *See, e.g., Bell v. Prefix, Inc.*, 500 Fed. Appx. 473, 474 (6th Cir. 2012). To calculate the pre-judgment interest, "the best starting point is to award interest at the market rate, which means an average of the prime interest rate for the years in question." *Cememt Div., Nat'l Gypsum Co. v. City of Milwaukee*, 144 F.3d 1111, 1114 (7th Cir. 1998). The prime interest rate includes the period of time from date of injury through entry of judgment. *Id.*

### B. Post-Judgment Interest

Under the post-judgment statute, post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court . . . ." 28 U.S.C. § 1961 (2000). Section 1961 further provides that "[s]uch interest shall be calculated from the date of the entry of the

judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." *Id.* The Supreme Court has stated that "[t]he purpose of post-judgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant." *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835-36 (1990) (internal quotations and citation omitted).

The Federal Circuit defers to the relevant circuit for interpretation of the post-judgment statute. *Transmatic Inc. v. Gulton Indus. Inc.*, 180 F.3d 1343, 1347-48 (Fed. Cir. 1999). Accordingly, the Fourth Circuit has stated that "awarding post-judgment interest on the entire [damages] amount . . . including pre-judgment interest, most closely comports with the purpose of post-judgment interest articulated by the Supreme Court." *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1031 (4th Cir. 1993) (citing *Bonjorno*, 494 U.S. at 835). Further, post-judgment interest on a money judgment begins to accrue "from the date the judgment is entered until payment is made in full at the federal rate of interest as calculated using the formula set forth in 28 U.S.C. § 1961." *Brinn v. Tidewater Transp. Dist. Comm'n*, 113 F. Supp. 2d 935, 939 (E.D. Va. 2000) (citing *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 633 (4th Cir. 1999)).

## C. Attorneys' Fees and Costs

The touchstone of any award of attorneys' fees and expenses is reasonableness. *SunTrust Mortg., Inc. v. AIG United Guar. Corp.*, 933 F. Supp. 2d 762, 769 (E.D. Va. 2013) (quoting *E.I. DuPont de Nemours and Co. v. Kolon Indus., Inc.*, No. 3:09cv058, 2013 WL 458532, at *2 (E.D. Va. Feb. 6, 2013)). The fee applicant bears the burden of demonstrating the reasonableness of its

fee request, *Kenney v. Touch of Patience Shared Hous., Inc.*, 779 F. Supp. 2d 516, 525 (E.D. Va. 2011), and of "providing sufficient detail in [its] records to explain and support [its] requests for fees and costs." *Andrade v. Aerotek, Inc.*, 852 F. Supp. 2d 637, 645 (D. Md. 2012). Indeed, "the party who seeks payment must keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed." *Hensley v. Eckerhart*, 461 U.S. 424, 441 (1983) (Burger, C.J., concurring).

To calculate an award of attorneys' fees the court must determine a "lodestar fee." *Grissom v. Miller Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008); *Brodziak v. Runyon*, 43 F.3d 194, 196 (4th Cir. 1998). The Supreme Court of the United States ("Supreme Court") has stated that there is a "strong presumption" that the lodestar figure represents a reasonable attorneys' fee award, which may be overcome only "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553-54 (2010).

The lodestar fee is calculated by multiplying the number of reasonable hours expended times a reasonable rate. *Id.* The Fourth Circuit has held that the *Johnson* factors must be applied in determining the reasonable hourly rates and hours expended. *See Daly v. Hill*, 790 F.2d 1071, 1077 (4th Cir. 1986). These factors include:

> (1) the time and labor required;
> (2) the novelty and difficulty of the questions;
> (3) the skill requisite to properly perform the legal service;
> (4) the preclusion of other employment by the attorney due to acceptance of the case;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) time limitations imposed by the client or the circumstances;
> (8) the amount involved and the results obtained;
> (9) the experience, reputation, and ability of the attorneys;
> (10) the "undesirability" of the case;

> (11) the nature and length of the professional relationship with the client; and
>
> (12) awards in similar cases.

*Id.* at 1075 n.2.

In addition, district courts "should exclude from [the] initial fee calculation hours that were not 'reasonably expended.'" *Hensley*, 461 U.S. at 434 (quoting S. Rep. No. 94-1011, at 6 (1976)). Further, "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). The Fourth Circuit has held that, "[a] fee based upon reasonable rates and hours is presumed to be fully compensatory without producing a windfall." *Daly*, 790 F.2d at 1078. Ultimately, it is within the court's discretion, upon consideration of the lodestar factors, to alter the lodestar figure in accordance with its analysis. *Lyle v. Food Lion, Inc.*, 954 F.2d 984, 989 (4th Cir. 1992).

### III. DISCUSSION

**A. Pre-Judgment Interest**

The Court finds that Plaintiff is entitled to pre-judgment interest fees. According to the FMLA, pre-judgment interest on FMLA damages is mandatory rather than discretionary. *See* 29 U.S.C. § 2617(a)(1)(A)(ii); *Dotson*, 558 F.3d at 302. Pre-judgment interest should be awarded at the prevailing rate. *See* 29 U.S.C. § 2617(a)(1)(A)(ii). To calculate the pre-judgment interest, "the best starting point is to award interest at the market rate, which means an average of the prime interest rate for the years in question." *Cememt Div., Nat'l Gypsum Co.*, 144 F.3d at 1114. The prime interest rate includes the period of time from date of injury through entry of judgment. *Id.*

Plaintiff asserts a claim of $8,507.00 in pre-judgment fees stemming from prosecuting Plaintiff's wrongful termination case in violation of the FMLA. ECF Nos. 72-73. Plaintiff bases her pre-judgment interest award on a Prime Rate of 4.25%, compounded annually. *Id.* Plaintiff contends that "the amount of interest requested in this Motion has been calculated in an extremely conservative manner as no interest during the first full year of [Plaintiff's] unemployment was deemed to have accrued in calculating the requested sum of $8,507.00." ECF No. 73 at 3.

Defendant argues that Plaintiff's calculation for pre-judgment interest fees applies the incorrect Prime Rate. Defendant states that "the prime rate changed several times between the time of [Plaintiff's] termination (August 2014) and the date of judgment (August 2017)." ECF No. 80 at 2. Defendant contends that the correct Prime Rate should include the average interest rate during the date of Plaintiff's termination to the date of judgment from this Court. Therefore, Defendant argues that the average interest prime rate should therefore be 3.49%. *Id.*

The Court calculates that Plaintiff is entitled to an award of pre-judgment interest fees based on the average of the prevailing rate from the date of termination to the date of judgment. The Court, within its broad discretion, finds the use of the Prime Rate, compounded annually, is proper. The average prevailing Prime Rate is 3.5% based on the time frame in question—August 2014, the date of termination, to August 2017, the date of the entry of judgment. On August 10, 2017, the Court entered a judgment of $747,320.66 in favor of Plaintiff.

Therefore, the Court calculates that a pre-judgment interest award of $81,247.11[1] is appropriate.

---

[1]The equation for pre-judgment interest is: $FV = J \times M$. Knoll, Michael S. and Colon, Jeffrey M., "The Calculation of Prejudgment Interest" (2005), *Faculty Scholarship*, Paper 114, http://scholarship.law.upenn.edu/faculty_scholarship/114. FV signifies the final judgment. *Id.* J represents the original judgment. *Id.* M denotes the multiplier. *Id.* To calculate the multiplier, the Court used the following

## B. Post-Judgment Interest

Neither party moved the Court to consider post-judgment interest fees stemming from this instant wrongful termination claim, pursuant to the FMLA. However, the Court also addresses whether Plaintiff is entitled to further relief, in the form of post-judgment interest fees.

Under the post-judgment statute, Section 1961 provides that "[s]uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961. Further, post-judgment interest on a money judgment begins to accrue "from the date the judgment is entered until payment is made in full at the federal rate of interest as calculated using the formula set forth in 28 U.S.C. § 1961." *Brinn*, 113 F. Supp. 2d at 939.

The Court finds that Plaintiff is entitled to further relief, in the form of post-judgment interest fees. Courts routinely determine that a party is entitled to post-judgment interest in civil matters where an appeal or post-trial motions are pending. *See, e.g., Greene v. Safeway Stores, Inc.*, 211 F.3d 1278 (10th Cir. 2000) (unpublished table decision) ("The tolling of the time to file a notice of appeal [due to a post-trial motion] . . . does not mean that the judgment, when entered, was anything less than a final, appealable judgment on which post-judgment interest could begin to accrue.") (citing Fed. R. Civ. P. 58); *Poleto v. Consolidated Rail Corp.*, 826 F.2d 1270, 1281 (3rd Cir. 1987), *abrogated on other grounds by Bonjorno*, 494 U.S. 827 (1990) ("When post-trial matters require time for proper resolution . . . the better practice is not to delay entry of the judgment (thereby prejudicing the successful plaintiff's claim to post-judgment interest), but to

---

formula:   $m = (1 + r_m/n)^{nT}$. *Id.* The pre-judgment interest rate is $r_m$. *Id.* N is the number of compounding periods in a year or the frequency with which interest is compounded. *Id.* T represents the prejudgment period. *Id.* The Court calculated the prejudgment interest as follows: FV= 747,320.66 x 1.108718, totaling $828,567.77 (consisting of the original award plus pre-judgment interest). Specifically, pre-judgment interest is $81,247.11.

enter the judgment and entertain a motion to stay its execution . . . ."); *Litwinowicz v. Weyerhaeuser Steamship Co.*, 185 F. Supp. 692, 693-94 (E.D. Pa. 1960) (holding that, where judgment was entered for plaintiffs and post-judgment motions were filed, post-judgment interest ran from date of entry of the judgment, and not merely from the date of disposition of the post-trial motions). As previously mentioned, the Court entered a judgment of $747,320.66 in favor of Plaintiff, and the Court calculated a pre-judgment interest fee of $81,247.11. Despite post-trial motions and Defendant's appeal, which was voluntarily dismissed, the calculation of the post-judgment interest fee award runs from the date of the entry of judgment on August 10, 2017. The Court also calculates that the post-judgment interest rate is 2.6%.

Having found no valid reason to deny Plaintiff's award for post-judgment interest, the Court concludes that Plaintiff is entitled to such interest, calculated in the manner set forth in 28 U.S.C. § 1961(a), "including pre-judgment interest, [which] most closely comports with the purpose of post-judgment interest articulated by the Supreme Court," *Quesinberry*, 987 F.2d at 1031.

**C. Attorneys' Fees and Costs**

The Court narrows the scope of this Order to address the first factor of the *Johnson* factors—the time and labor required—because factors two through twelve of the *Johnson* factors are not in dispute in this case. The Court finds that Plaintiff does meet factors two through twelve. For example, Attorney Joshua M. David and Attorney Thomas M. Lucas attest to Attorney James H. Shoemaker's competency and professional reputation as lead counsel for this case. ECF Nos. 71-5, 71-6.

In determining "what constitutes a 'reasonable' number of hours and rate," the court need not address all twelve factors independently, because "such considerations are usually subsumed

within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Freeman v. Potter*, No. 7:04cv276, 2006 WL 2631722, at *2 (W.D. Va. 2006) (citing *Hensley*, 461 U.S. at 434 n. 9 (1983)); *see also Hensley*, 461 U.S. at 433 ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonably hourly rate.").

Plaintiff asserts a claim of $136,646.33 in attorneys' fees and costs from services rendered in Plaintiff's wrongful termination case, pursuant to the FMLA. Plaintiff contends that the case itself was not complex; however, Plaintiff "engaged in extensive discovery and motion practice." ECF No. 71. Specifically, Plaintiff used its legal efforts to retain an experienced labor and employment attorney, Attorney David Simonsen, to review this matter and provide a second opinion on the strength of the case. ECF No. 71-7. Plaintiff also concedes that they purposely reduced the amount of hours expended on failed claims when they were clearly distinguishable from the hours expended on the successful claim, or they reduced the amount of hours in half if the hours exhausted on failed claims did not clearly differentiate the hours logged for the successful FMLA denial of rights claim. Additionally, Plaintiff reduced 2.95 hours, at $85 per hour for a total of $250.75, for the inclusion of administrative or clerical entries in the attorneys' fees award. ECF No. 79 at 4-5.

Defendant argues that Plaintiff failed to prove the reasonableness of several of the fees that Plaintiff claims. Defendant contends that some of Plaintiff's attorneys' fees are unreasonable because some of the entries include block billing, overstaffing of attorneys at depositions and trial, and fees for clerical work from the two paralegals who provided services during the case. For example, Defendant highlighted entries of block billing that included "4.25 hours for 'drafted First Amended Complaint and revised same; review the file and email

correspondence; research and review of defamation law.'" ECF No. 74 at 3. Defendant also argues that Plaintiff overstaffed depositions and trial hearings by employing multiple attorneys to perform the work of one attorney. Defendant states that Plaintiff should not receive an award for costs associated with receiving a second opinion for this case because the experience of the attorneys already working the matter was sufficient experience to handle the intricacies of the case based on their combined years of experience. *Id.* at 12. Additionally, Defendant contends that Plaintiff's bill of costs is untimely under Local Civil Rule 54 of the Eastern District of Virginia. *Id.* at 11. The Court entered judgment for Plaintiff on August 10, 2017, and Plaintiff was required to file her bill of costs on August 21, 2017. *Id.* Plaintiff filed her bill of costs on August 24, 2017, three days after the deadline. *Id.*

The Court determines that Plaintiff's Motion is timely under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 54. Plaintiff had no later than 14 days from the entry of judgment to file her Motion. *Id.* The Court entered judgment for Plaintiff on August 10, 2017, and Plaintiff timely filed her Motion on August 24, 2017.

The Court finds that neither Plaintiff nor Defendant really dispute factors two through twelve of the *Johnson* factors in their pleadings. Most importantly, both parties did not dispute the reasonableness of Plaintiff's $200 to $385 hourly rates. Plaintiff submitted affidavits attesting to the reasonableness of the hourly rates. Based on the affidavits, James H. Shoemaker, Jr.'s attorney's fee is $385 based on his experience. Cindra M. Dowd's attorney's fee is $300 based on her experience. Jason E. Messersmith's attorney's fee is $235 based on his experience. Lastly, Andrew J. Dean's attorney's fee is $200 based on his experience. The Court finds that Plaintiff's rates, along with the Court's modification to the number of hours expended in this

case, are a reasonable basis for determining Plaintiff's attorneys' fees award. Accordingly, the Court need not address any other factors in its analysis.

The Court also concludes that Plaintiff's hours expended during this matter require a downward adjustment. Some of the hours listed on Plaintiff's review statement should be excluded because of inter-office correspondences, vague entries, extensive hours documented for trial preparation, and clerical tasks. The Court reduced James Shoemaker's hours to 257 hours after deducting approximately 1.7 hours for inter-office communications, 22.55 hours for vague entries, 39.1 hours for excessive hours documented for trial preparation, and 0.4 hours for clerical work. For example, the Court excluded entries such as the following: hours for inter-office conferences and email correspondences documented on September 2014, April 2015, and May 2017; hours for vague entries noting trial preparation, file organization, and trial record review on January 2017, March 2017, and May 2017; hours for extensive or duplicated documentation concerning preparation for depositions, research on case law and relevant facts, and review of exhibit books on January 2017, February 2017, April 2017, and May 2017; and hours for clerical work documented on March 2017. ECF No. 71-3.

The Court reduced Andrew Dean's hours to 6.5 hours because the entry for trial preparation was vague and Plaintiff raised no objection in the Reply to the reduction of Dean's 6.8 hours expended during the trial. ECF No. 79 at 5 n. 4. The Court reduced Jason Messersmith's hours to zero hours after subtracting 0.2 hours for an inter-office conference. ECF No. 71-3 at 13. The Court reduced Cindra Dowd's hours to 68.75 hours after removing roughly 0.10 hours for inter-office communications and 2.9 hours for vague entries. The Court excluded hours for vague entries noting review and compiling of documents on June 2016 and December 2016, and hours for inter-office communication on December 2016. ECF No. 71-4.

After considering the reduction of hours, the Court finds that $120,870 in attorneys' fees is reasonable in this case.

The Court computed the lodestar award by multiplying a total number of 332.25 hours expended by the attorneys' respective hourly rates of $200, $300, and $385, totaling $120,870 in attorneys' fees. The Court determined James Shoemaker's attorney's fees by multiplying 257 hours by his $385 hourly rate, totaling $98,945. The Court calculated Cindra Dowd's attorney's fees by multiplying 68.75 hours by her $300 hourly rate, totaling $20,625. The Court also calculated Andrew Dean's attorney's fees by multiplying 6.5 hours by his $200 hourly rate, totaling $1,300. Lastly, the Court reasoned that Jason Messersmith, who had a billing rate of $235 per hour, had no billable hours.

The Court added a total of $1,440.75 in paralegal's fees and $6,716.68 in other costs for a total of $8,157.43 in overall costs. Paralegals' fees were determined by multiplying 16.95 hours by the hourly paralegal rate of $85, totaling $1,440.75. The Court eliminated additional billed paralegal hours which were merely clerical tasks or vague entries. The Court calculated the other costs based on the monetary figure and invoice of Attorney David Simonsen presented in Plaintiff's Motion, totaling $6,716.68.

Therefore, the Court finds that a downward adjustment in the lodestar award is warranted. The Court awards a total of $129,027.43 in Plaintiff's attorneys' fees and costs.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Further Relief is **GRANTED** in part and **DENIED** in part. The request to approve $8,507.00 in pre-judgment interest fees is **DENIED**. After review of the petition, the Court finds that the proper calculation of the pre-judgement interest rate results in an increased award. The Court hereby **APPROVES**

$81,247.11 in pre-judgment interest fees. Also, the Court hereby **APPROVES** a post-judgment interest rate of 2.6%.

Plaintiff's Motion for Attorneys' Fees is **GRANTED** in part and **DENIED** in part. The request to approve $129,929.65 in attorneys' fees is **DENIED**. After review of the petition, the Court finds it appropriate to reduce the fee request. The Court hereby **APPROVES** $120,870 in attorneys' fees. Also, the Court hereby **APPROVES** $8,157.43 in paralegals' fees and other costs, totaling $129,027.43 in attorneys' fees and costs.

Defendant is **ORDERED** to pay Plaintiff a final judgment of $828,567.77 (consisting of $747,320.66 in damages and $81,247.11 in pre-judgment interest) and a total of $129,027.43 in attorneys' fees and costs within **THIRTY (30) DAYS** of the date of this Order. Post-judgment interest shall be paid at a rate of 2.6% interest. The Court shall retain jurisdiction for enforcement of its Order. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and parties of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
April 26, 2018

Raymond A. Jackson
United States District Judge